**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM J. LORUM,**

                **Plaintiff,**

**-vs-**                                         **Case No. 6:04-cv-1554-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

                **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(D) (Doc. No. 21)** |
| **FILED:** | **June 28, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

On March 29, 2006, I found that the ALJ who determined that Plaintiff William Lorum was not disabled erred, among other reasons, by failing to explain "why he rejected the opinion of Dr. Lower, [a treating physician], and every reviewing physician regarding Lorum's nonexertional limitations." Doc. No. 16 at 24. Accordingly, I reversed the decision of Defendant Commissioner of the Social Security Administration (Commissioner) and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A judgment was entered in accordance with my order on March 30, 2006. Doc. No. 17. The Commissioner did not appeal this decision.

Lorum then timely filed his Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, seeking $5,027.79 in attorney's fees, $150.00 in costs and $13.26 in expenses.  Doc. No. 21.  Lorum submitted a memorandum of law, the Declaration of Shea A. Fugate, Lorum's attorney, and a copy of the Consumer Price Index - All Urban Consumers.  *Id.*   The Commissioner filed a response objecting to an award of attorney's fees.  Doc. No. 22.  Lorum filed a reply to the response at the behest of the Court, seeking an additional $1,755.76 in attorney's fees for preparing the reply.  Doc. No. 24.

### ***Entitlement to Attorney's Fees.***

The United States Court of Appeals for the Eleventh Circuit has stated that a party seeking an award of fees under EAJA "is entitled to fees provided that 1) it is the prevailing party; 2) its application for fees is timely; 3) the position of the government was not substantially justified; and 4) no special circumstances make an award unjust." *Pollgreen v. Morris*, 911 F.2d 527, 532 (11th Cir. 1990).  There is no dispute that Lorum is the prevailing party, and his motion for attorney's fees was timely filed.  The Commissioner argues, however, that her denial of Lorum's application for disability benefits was substantially justified.

> The burden of proving substantial justification is the Commissioner's, who must demonstrate the substantial justification of [her] position as a whole. *See United States v. Jones*, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997). . . . To be substantially justified, the Commissioner's position must have 'a reasonable basis in both law and fact.' *Id.* at 1425 (citations and internal quotation marks omitted).  Still, the mere fact the cause was remanded to the Commissioner does not automatically establish [her] position was not substantially justified. *Reeves v. Bowen*, 841 F.2d 383, 385 (11th Cir. 1988)(per curiam).

*Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1359 (M.D. Fla. 2000).

The Commissioner has not sustained her burden of proving her position was substantially justified. The law has long been clear in this Circuit that an ALJ cannot ignore the opinions of treating and examining professionals and reach his own medical conclusions. *See Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992). Moreover, to the extent that the ALJ finds that certain findings of a treating physician are not supported by medical evidence, the ALJ must explain the basis of that conclusion. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In this case, the ALJ disregarded the findings of treating and reviewing physicians that Lorum had postural limitations arising from his impairments, but the ALJ failed to explain why he did so. *See also* Doc. No. 22 at 8 ("The Commissioner concedes that the ALJ's decision could have been more thorough regarding the VA rating as well as the evidence from the state agency medical consultants.").

The Commissioner has not shown or argued that other circumstances make an award of attorney's fees unjust. Accordingly, Lorum is entitled to an award of reasonable attorney's fees.

### *Amount of Attorney's Fees, Costs and Expenses.*

Lorum's attorney seeks $6,783.55 in attorney's fees for 42.6 hours of work. The hourly rate she seeks is $151.65 for 4.4 hours of work performed in 2004, $157.68 for 19.2 hours of work performed in 2005, and $162.57 for 19 hours of work performed in 2006 (which includes the time spent preparing the reply) pursuant to a provision in the EAJA that allows the Court to adjust the statutory hourly rate based on changes in the cost of living. The Commissioner does not contend that these hourly rates are inappropriate.

After review of the description of the hours worked, I find that the number of hours worked for which fees are sought were reasonable. The Commissioner has not argued that these hours were

excessive or otherwise unreasonable. After reviewing the papers submitted by Lorum, I find that the fees requested are appropriate in the absence of objection.

Lorum also seeks reimbursement for $150.00 for the costs of the filing fee in this case, and $13.26 in expenses for postage. The Commissioner does not oppose these costs and expenses. I find that these costs and expenses were reasonably incurred in the absence of objection.

### *Conclusion.*

It is, therefore, **ORDERED** that Lorum is awarded $6,783.55 in attorney's fees and $150.00 in costs and $13.26 in expenses.

**DONE** and **ORDERED** in Orlando, Florida on September 6, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties